**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Smith, | ) No. CV 08-2340-PHX-MHM (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Maricopa County Jail, et al., | ) |
| Defendants. | ) |

Plaintiff Ronald Smith, who was then confined in the Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] He has now filed a substantially complete Application to Proceed *In Forma Pauperis*, which will be granted. (Doc.# 7.) Plaintiff has filed a First Amended Complaint, which supercedes the Complaint in its entirety and the Complaint is not considered by the Court. (Doc.# 3.) The Court will dismiss the First Amended Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. (Doc.# 7.) 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The

---

[1] "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

1  Court will enter a separate Order requiring the appropriate government agency to collect and
2  forward the fees according to the statutory formula.

3  **II.     Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief against
5  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.
9  28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the
10 allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
11 before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
12 (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This
13 type of advice "would undermine district judges' role as impartial decisionmakers." Pliler
14 v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
15 whether the court was required to inform a litigant of deficiencies). Plaintiff's First
16 Amended Complaint will be dismissed for failure to state a claim with leave to amend
17 because the First Amended Complaint may possibly be saved by amendment.

18 **III.    First Amended Complaint**

19       Plaintiff alleges three counts for relief in which he purports to incorporate claims
20 alleged in the original Complaint without setting forth any facts in the First Amended
21 Complaint. Plaintiff sues the Maricopa County Sheriff's Office. Plaintiff does not state the
22 relief sought.

23 **IV.    Failure to Comply with Rules and Instructions in the First Amended Complaint**

24       Plaintiff has failed to comply with the rules and instructions for completing the court-
25 approved form complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a
26 complaint contain "a short and plain statement of [each] claim showing that the pleader is
27 entitled to relief." Fed.R.Civ.P. Rule 8(e)(1) provides that "[e]ach averment of a pleading
28 shall be simple, concise, and direct." Fed.R.Civ.P. To comply with Rule 8, a plaintiff should

1  set forth "who is being sued, for what relief, and on what theory, with enough detail to guide
2  discovery."   McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).   Under the Local
3  Rules, a plaintiff may *not* incorporate by reference claims or allegations contained in a prior
4  pleading. Instead, he must re-allege all facts and claims for which he seeks relief. LR Civ.
5  15.1(b) (an "amended pleading is not to incorporate by reference any part of the preceding
6  pleading[.]") The Instructions for completing the court-approved form complaint states in
7  relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. *The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form.* If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

14  (Instructions at ¶ 1) (italics added). In addition, the Instructions provide that:

> 1. Counts. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.
> 2. Issue Involved. *Check the box that most closely identifies the issue involved in your claim.* **You may check only one box per count**. *If you check the box marked "Other," you must identify the specific issue involved.*
> 3. Supporting Facts. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.
> 4. Injury. State precisely how you were injured by the alleged violation of your rights.

22  (Id., part C) (italics added).

23  In the First Amended Complaint, Plaintiff fails to set forth the relief he seeks or how,
24  when, where, or by whom he believes his constitutional rights were violated. Instead, he
25  merely purports to incorporate by reference the facts alleged in his Complaint. As stated
26  above, a plaintiff may not incorporate by reference allegations contained in a prior complaint.
27  The First Amended Complaint otherwise also fails to comply with the instruction that "all
28  questions must be answered clearly and concisely in the appropriate space on the form." For

JDDL-K                                                  - 3 -

1  these reasons, the First Amended Complaint will be dismissed.

2  Plaintiff will be provided an opportunity to submit a second amended complaint that
3  complies with the Instructions and rules. Plaintiff should carefully follow the Instructions
4  in completing a second amended complaint. He should set forth only one claim per count.
5  For each count, Plaintiff should summarize facts to support the constitutional right violated,
6  by whom, when and where, and how each defendant violated the right.

7  **V.     Failure to State a Claim**

8  In addition to non-compliance with the Instructions and rules, the First Amended
9  Complaint fails to state a claim. To state a claim under § 1983, a plaintiff must allege facts
10 supporting that (1) the conduct about which he complains was committed by a person acting
11 under the color of state law and (2) the conduct deprived him of a federal constitutional or
12 statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state
13 a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result
14 of the conduct of a particular defendant, and he must allege an affirmative link between the
15 injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

16 **A.     Failure to Name a Proper Defendant**

17 To state a claim under § 1983, a plaintiff must sue a "person" who, acting under color
18 of state law, violated the plaintiff's constitutional rights. A "person" for purposes of § 1983,
19 includes officials or officers who directly violated or caused a violation of a plaintiff's
20 constitutional rights. In addition, a supervisor "is only liable for constitutional violations of
21 his subordinates if the supervisor participated in or directed the violations, or knew of the
22 violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
23 1989). Further, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to
24 include the names of the parties in the action. As a practical matter, it is impossible in most
25 instances for the United States Marshal or his designee to serve a summons and complaint
26 or amended complaint upon an anonymous or unnamed defendant. That is, a plaintiff must
27 sue the "persons" responsible, not "staff" or fictitiously-named defendants.

28 In addition to individual officers, a municipality is also a "person" for purposes of

1   § 1983, i.e., municipality such as a city of county may be sued. See Leatherman v. Tarrant
2   County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v.
3   Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To state a claim against a municipality under
4   § 1983, a plaintiff must allege facts to support that his constitutional rights were violated
5   pursuant to a policy or custom of the municipality. Cortez v. County of Los Angeles, 294
6   F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91); Thompson v. City of
7   Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Therefore, a plaintiff cannot state a §
8   1983 claim against a municipal defendant unless he alleges that the municipal defendant
9   maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how
10  such policy or custom caused his injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.
11  2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

12  Plaintiff sues only the Maricopa County Sheriff's Office (MCSO). MCSO is not,
13  however, a proper Defendant. In Arizona, the responsibility for operating jails and caring
14  for prisoners is placed by law upon the sheriff, see A.R.S. §§ 11-441(A)(5), 31-101, and the
15  County, see A.R.S. §§ 11-251(8), 11-291(A). MCSO is simply an administrative creation
16  of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to
17  suit pursuant to § 1983. Accordingly, MCSO will be dismissed.

18  **B.     Threats to Safety**

19  It appears that Plaintiff wishes to seek relief for threats to his safety in violation of his
20  constitutional right, although as discussed above, he failed to set forth any facts in support
21  any claim. For that reason, the Court informs Plaintiff of the following requirements to state
22  a claim for threats to his safety in violation of his constitutional rights.

23  Jail officials are required to take reasonable measures to guarantee the safety of
24  inmates and officials have a duty to protect prisoners from violence at the hands of other
25  prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124,
26  1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to
27  support that he was incarcerated under conditions posing a substantial risk of harm and that
28  prison officials were "deliberately indifferent" to his safety. Farmer, 511 U.S. at 834; Frost,

JDDL-K

- 5 -

1   152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991)
2   (*en banc*).  To adequately allege deliberate indifference, a plaintiff must set forth facts to
3   support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
4   Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from
5   which the inference could be drawn that a substantial risk of serious harm exist[ed], and he
6   must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128;
7   Redman, 942 F.2d at 1442.

**C.     Medical Care**

It also appears that Plaintiff wishes to seek relief for constitutionally deficient medical care, although he failed to set forth any facts to support such a claim in his First Amended Complaint.  The Court will also inform Plaintiff of the requirements to state a claim for constitutionally deficient medical care.

To state a claim for denial of constitutionally adequate medical care, a plaintiff must allege facts to support that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).  To allege a serious medical need, a plaintiff must set forth facts to support that the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).  A plaintiff must also allege facts to support that a defendant was deliberately indifferent to a serious medical need. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988).  Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Lopez, 203 F.3d at 1132 (quoting Hutchinson, 838 F.2d at 394).  Further, a delay in receiving

1  medical care, without more, is insufficient to state a claim against a jailor for deliberate
2  indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley
3  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). A difference in
4  medical opinion also does not amount to deliberate indifference. See Toguchi, 391 F.3d at
5  1058. Rather, to prevail on a claim involving choices between alternative courses of
6  treatment, a prisoner must show that the chosen course was medically unacceptable under
7  the circumstances and was chosen in conscious disregard of an excessive risk to the
8  prisoner's health. Id. Similarly, differences in judgment between an inmate and prison
9  medical personnel regarding appropriate medical diagnosis or treatment are not enough to
10  state a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**VI.    Leave to Amend**

12       For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
13  failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may
14  submit a second amended complaint to cure the deficiencies outlined above. The Clerk of
15  Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.
16  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint
17  and dismiss this action without further notice to Plaintiff.

18       Plaintiff must clearly designate on the face of the document that it is the "Second
19  Amended Complaint." The second amended complaint must be retyped or rewritten in its
20  entirety on the court-approved form and may not incorporate any part of the prior complaints
21  by reference. Plaintiff may include only one claim per count.

22       A second amended complaint supersedes all prior complaints. Ferdik v. Bonzelet, 963
23  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
24  1546 (9th Cir. 1990). After amendment, the Court will treat previous complaints as
25  nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior
26  complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814
27  F.2d 565, 567 (9th Cir. 1987).

28

**VII.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.   Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    **E.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 7.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee, but is not assessed an initial partial filing fee.

(3) The First Amended Complaint is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order. (Doc.# 3.)

(4) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 12th day of February, 2009.

_____
Mary H. Murgula
United States District Judge

JDDL-K

- 9 -